| | AUSA: | Nhan Ho | Telephone: (313) 226-9100 |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: | Joshua Loy | Telephone: (313) 202-3500 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.

Carnord Craig GORDON

Case No.

Case: 2:24-mj-30397
Assigned To : Unassigned
Assign. Date : 9/12/2024
Description: COMP USA V. SEALED
MATTER (KB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 5, 2024__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_Complainant's signature_

Special Agent Joshua Loy - ATF
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: 9/12/23

_Judge's signature_

City and state: Detroit, Michigan

Honorable Bernard A. Friedman, U.S. District Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent Joshua Loy, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been since June 2018. I am currently assigned to the Detroit, Michigan Field Division, Ann Arbor Field Office, where I am responsible for investigating violations of federal firearms laws, among other crimes. I graduated from the Federal Law Enforcement Training Center and the ATF Special Agent Basic Training Course.

2. I made this affidavit in support of criminal complaint and an arrest warrant for CARNORD CRAIG GORDON for violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).

3. The facts in this affidavit come from my personal observations, training, experience, and information obtained from other law enforcement professionals. This affidavit is intended to show that there is sufficient probable cause for the complaint and requested warrant and does not set forth all information known to law enforcement regarding this investigation.

1

## PROBABLE CAUSE

4. On September 5, 2024, officers of Detroit Police Department, while on patrol, observed a crowd of individuals consuming alcohol and marijuana in public while impeding traffic. As officers exited the vehicle, they saw a male, later identified as GORDON, with his right hand and arm firmly braced against his front right side.

5. As GORDON started walking away, a DPD officer ask if he had a concealed pistol license, at which point GORDON began fleeing. During the pursuit, this officer saw GORDON pulling out a black object, believed to be a gun, from his right front hip. GORDON put it on his left hand and tossed it over a wood fence. The officer finally caught up with GORDON and apprehended him as he tried to jump over another fence.

6. Afterward, a Michigan State Police K-9 unit arrived at the scene to assist with the article search. After the canine's positive alert, DPD officers recovered a black Glock 26, 9mm caliber handgun, equipped with a loaded extended magazine and one round in chamber, near the location where GORDON was seen tossing the black object. The Glock handgun had been reported stolen.

7. I reviewed GORDON's criminal history. On March 10, 2020, GORDON pled guilty to a felony—specifically, Receipt and Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5861(d) and 5871—in the

United States District Court for the Eastern District of Michigan, Case No. 19-cr-20610. GORDON signed a Rule 11 Plea Agreement, which informed him that the charge to which he pled guilty carries a maximum penalty of 10 years' imprisonment. (ECF No. 37, PageID.84). On June 30, 2020, GORDON was sentenced to 41 months' imprisonment, to be followed by 3-year term of supervised release.

8. On January 27, 2023, GORDON's supervise release began. His conditions of supervised release include: "You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)." On September 6, 2023, GORDON was adjudged guilty of violating the terms of his supervised release and was sentenced to 5 months' imprisonment. On January 24, 2024, GORDON was released from the custody of the Bureau of Prison, and he has been under federal supervised release with the same conditions, including not possessing firearms.

9. Because (1) GORDON was advised of the maximum penalty for his prior federal felony conviction when he pled guilty to it, (2) GORDON was sentenced and served more than a year in prison for that conviction, and (3) GORDON is under federal supervised release, the terms of which prohibit him

3

from possessing firearms and ammunition, it is reasonably to believe that GORDON is aware of his status as a convicted felon and that he is prohibited from possessing firearms and ammunition.

10. I consulted with ATF Nexus Agent Special Agent Mark Davis, who made a preliminary opinion, based on the Glock handgun's descriptions, that it was not manufactured in the State of Michigan and therefore previously traveled in interstate or foreign commerce.

## CONCLUSION

11. Probable cause exists that on September 5, 2024, in the Eastern District of Michigan, CARNORD CRAIG GORDON, a convicted felon, knowingly possessed a Glock 26, 9mm caliber handgun, which has previously travelled in interstate commerce, in violation of Title 18 U.S.C. § 922(g)(1).

Respectfully Submitted,

Joshua Loy, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me and signed in my presence and/or by reliable electronic means.

Hon. Bernard A. Friedman
United States District Judge

Dated: 9/12/24

4